# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **EVAN LEE McNAIR,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00547 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **PUBLICATION REVIEW COMMITTEE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Evan Lee McNair, Pro Se Plaintiff.*

The plaintiff, Evan Lee McNair, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that prison officials have refused to permit McNair to possess his self-published novel, titled *He Paid Revenge*. Upon review of the record, I find that the action must be summarily dismissed as frivolous.

McNair is confined at Wallens Ridge State Prison, a facility operated by the Virginia Department of Corrections (VDOC). When a copy of the book in question was mailed to McNair, the Warden forwarded it to the VDOC Publications Review Committee (PRC). The PRC reviewed the content of *He Paid Revenge* and disapproved the publication for possession by VDOC inmates, finding that it included several types of content that violate VDOC publications procedures. McNair argues that the content of this book is offered only in the context of a fictional story and that it is similar to other books inmates can possess or check out

from the prison library.  As relief, McNair seeks monetary damages for his lost book sales and injunctive relief to have his books approved for inmates to possess.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  Rather, in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  To satisfy this requirement, a plaintiff must state specific facts about what each individual defendant did, personally, that violated the plaintiff's constitutional rights.

The only defendant McNair has named is the PRC, a committee consisting of numerous VDOC employees.  He does not name the committee members or provide their addresses.  Moreover, the PRC as an entity is properly considered an arm of

the Commonwealth of Virginia and does not qualify as a person that can be sued under § 1983. Thus, McNair's § 1983 claims cannot proceed against this defendant, and I will summarily dismiss the case without prejudice under § 1997e(c)(1) as legally frivolous. Such a dismissal leaves McNair free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED: December 1, 2023

/s/  JAMES P. JONES
Senior United States District Judge